**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN MILLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>GREAT WEST CASUALTY COMPANY, et al.,<br><br>                    Defendants. | No.  2:25-CV-03032-DJC-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Plaintiff's motion for leave to file a second amended complaint, ECF No. 16, second amended complaint, ECF No. 17, and request for remote appearance and motion to e-file, ECF No. 18.

**I. BACKGROUND**

Plaintiff initiated this action in state court on September 9, 2025. See ECF No. 1. This matter was removed from state court by Defendants on October 20, 2025. See id. On October 24, 2025, Plaintiff filed a first amended complaint, asserting such filing was as a right pursuant to Fed. R. Civ. P. 15 (a)(1)(A). See ECF No. 9. On October 27, 2025, Plaintiff filed another first amended complaint, again asserting such filing was as a right pursuant to Fed. R.

1

1  Civ. P. 15 (a)(1)(A). See ECF No. 14. On October 29, 2025, this Court ordered Plaintiff to notify
2  the Court which first amended complaint Plaintiff intended to proceed on.
3        On November 4, 2025, Plaintiff filed a motion for leave to file a second amended
4  complaint, ECF No. 16, second amended complaint, ECF No. 17, and request for remote
5  appearance and motion to e-file, ECF No. 18. Plaintiff contends that his second amended
6  complaint is "submitted in good faith, . . . no new defendants are added, and no undue prejudice
7  will result to Defendants." ECF No. 16, pg. 2.
8
9                                        **II. DISCUSSION**
10       Finding no "apparent or declared reason" to not grant leave to amend, such as
11 undue delay or bad faith, the undersigned will grant Plaintiff's motion for leave to file a second
12 amended complaint, deem the second amended complaint as the operative complaint, and direct
13 Defendants to respond to the second amended complaint within 30 days of the date of this order.
14 Foman v. Davis, 371 U.S. 178, 182 (1962). As to Plaintiff's request for remote appearance and
15 access to electronic filing, ECF No. 18, the undersigned will deny for the reasons described
16 herein, without prejudice.
17       **A.**      **Motion for Leave to file Second Amended Complaint, ECF No. 16**
18       The Federal Rules of Civil Procedure provide that a party may amend his or her
19 pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is
20 one to which a responsive pleading is required, within 21 days after service of the responsive
21 pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule
22 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all
23 other situations, a party's pleadings may only be amended upon leave of court or stipulation of all
24 the parties. See Fed. R. Civ. P. 15(a)(2).  Under this Court's local rules, a motion for leave to
25 amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion.
26 See E. Dist. Cal. Local Rule 137(c).
27 ///
28 ///

        Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be freely given "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). However, leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

        Where a party files an amended complaint without the right to do so, it is properly stricken by the Court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint).

        Plaintiff has now filed three amended complaints and filed a motion for leave to amend on the same day as filing the second amended complaint, instead of attaching it to the motion per Local Rule 137 (c). However, Plaintiff is proceeding pro se and the second amended complaint was filed within 21-days of removal, indicating to the Court no undue delay or bad faith. Thus, the Court will grant Plaintiff's motion for leave to file a second amended complaint and accept Plaintiff's second amended complaint, ECF No. 17, as the operative complaint. Plaintiff is informed that no further amendments to the complaint are permitted unless this Court

1  grants such leave. Defendants will be directed to respond to the second amended complaint within
2  30 days of this order.

3         **B.**         **Motion for Remote Appearance and Electronic Filing, ECF No. 18**

4         In Plaintiff's motion for remote appearance and access to electronic filing, Plaintiff
5  requests to appear for hearings via Zoom. See ECF No. 18, pgs. 1-2. Plaintiff contends that
6  because he lives in Dunsmuir, California, travel to the Sacramento Courthouse "would cause
7  undue hardship and delay." Id. at 1. This Court is amenable to remote appearance, when
8  necessary. Indeed, certain hearings are scheduled to be held on Zoom, rather than in person.
9  However, this Court is not inclined to grant permission for remote appearances for all
10 proceedings. Further, the undersigned notes that as the assigned Magistrate Judge, who is based in
11 a Courtroom in Redding, California, any in-person proceedings in front of the undersigned would
12 only require Plaintiff to travel from Dunsmuir to Redding. Thus, the request for remote
13 appearance will be denied, without prejudice to request remote appearance for specific hearings
14 or proceedings.

15         As to Plaintiff's request for access to electronic filing, Petitioner makes such a
16 request "so that he may receive filings promptly, reduce mailing costs, and comply with the
17 court's deadlines efficiently." Id. at 3. Pursuant to Eastern District of California Local Rule
18 133(b)(2), parties appearing pro se, like Petitioner, must file documents in paper. Pro se litigants
19 may request an exception to be permitted to access the electronic filing. See Local Rule
20 133(b)(3). Plaintiff has not provided any explanation as to why receiving and filing documents in
21 paper is insufficient. Therefore, Plaintiff's motion to file electronically will be denied without
22 prejudice.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file second amended complaint, ECF No. 16, is GRANTED;
2. This action will proceed on Plaintiff's second amended complaint, ECF No. 17;
3. Plaintiff's request for remote appearance and electronic filing, ECF No. 18, is DENIED without prejudice;
4. Defendants are directed to respond to Plaintiff's second amended complaint within 30 days of this order.

Dated: November 10, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE