**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN MILLER, | No.  2:25-CV-03032-DJC-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GREAT WEST CASUALTY COMPANY, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Defendant Parke Cox Trucking's motion to dismiss, ECF No. 20, and Defendant Great West Casualty Company's motion to dismiss, ECF No. 21.

## I.  BACKGROUND

Plaintiff initially filed this action in state court and Defendants removed to federal court pursuant to diversity jurisdiction. See ECF No. 1. Plaintiff subsequently filed two first amended complaints, ECF Nos. 9 and 14, motion to file second amended complaint, ECF No. 16, and a second amended complaint, ECF No. 17. Finding no indication of bad faith and in consideration if Plaintiff proceeding pro se, this Court granted the motion to file a second amended complaint and directed Defendants to respond, ECF No. 19. Defendant Parke Cox

1

Trucking filed a motion to dismiss, ECF No. 20, and Defendant Great West Casualty Company filed a motion to dismiss, ECF No. 21. Plaintiff filed an opposition, ECF No. 24, and both Defendants filed replies, ECF Nos. 25 and 26.

### A.    Plaintiff's Allegations

Plaintiff asserts that Defendants engaged in "a coordinated pattern of affirmative misrepresentations and fraudulent conduct . . . [to] knowingly mis[lead] Plaintiff for the purpose of obstructing and extinguishing his lawful right of recovery against the at-fault driver insured by Great West." ECF No. 17, pg. 2. According to Plaintiff, he was involved in a vehicle crash on December 29, 2021, with a Parke Cox commercial vehicle, that resulted in "serious injury to Plaintiff's left hand." Id. at 3. Plaintiff contends he "promptly" reached out to Defendants about claims and liability, and "Defendants coordinated their responses to that all communications to Plaintiff were routed through Beehive." Id.

Plaintiff asserts that Defendants decided together, sometime at the start of 2022, to "implement a uniform claims-handling practice designed to discourage and delay legitimate third-party injury claims." Id. Plaintiff contends that this was done by providing false statements that "misstat[ed] liability responsibility," which allowed Defendant Parke Cox to avoid liability for their drivers' negligence. Id. at 3-4. Plaintiff contends that these false statements were given to Plaintiff from January 2022 through March 2025, specifically that on July 31, 2024, by Beehive (not a named defendant), and Plaintiff was directed to work with Great West's adjustor. See id. at 4.

According to Plaintiff, on March 14, 2025, Great West's adjustor mailed a letter from Nebraska to Plaintiff in California, that stated that Parke Cox was "not responsible for damages and denied liability for Plaintiff's injuries." Id.  Plaintiff contends this interstate communication was "wire fraud within the meaning of 18 U.S.C. §§1341 and 1342, undertaken to mislead Plaintiff and suppress a legitimate claim." Id. Plaintiff asserts that these false statements were made to him from 2023[1] through 2025 which "prevent[ed] Plaintiff from

---

[1]    Later in the complaint, Plaintiff asserts that the fraudulent statements were made beginning January 2022. See ECF No. 17, pg. 9.

discovering the deception until after the statute of limitations had effectively run." Id. at 5.

Plaintiff contends that his hand injury became worse because his treatment was delayed, Plaintiff "incurred additional medical and rehabilitative expenses, and he lost the economic value of his tort claim. He also suffered emotional distress and disruption of his livelihood." Id. According to Plaintiff, Defendants' actions "reflect[] an ongoing pattern by Great West and Beehive in cooperation with the insured carriers such as Parke Cox Trucking to suppress third-party liability claims nationwide," and such pattern constitutes racketeering in violation of 18 U.S.C. §1961(5). Id.

Plaintiff asserts five claims, as follows:

| | |
|---|---|
| Claim 1 | Conspiracy to Violate RICO (18 U.S.C. §1962(d)) against Parke Cox Trucking, Inc. |
| Claim 2 | State-Law Civil Conspiracy (To Commit Fraud and Conceal Liability) against Parke Cox Trucking, Inc. |
| Claim 3 | Fraud and Deceit (18 U.S. C. §1341, §1343, and Cal. Civ. Code §§1709-1710) against Great West Casualty Company |
| Claim 4 | Violation of 18 U.S.C. §1962(c) (Racketeer Influenced and Corrupt Organizations Act) against Great West Casualty Company |
| Claim 5 | Conspiracy to Violate RICO (18 U.S.C. §1962(d)) against Great West Casualty Company |

### B.    Defendant Parke Cox Trucking's Motion to Dismiss

Defendant Parke Cox Trucking (PCT) argues that Plaintiff failed to assert a timely negligence claim within the statute of limitations and "now seeks to avoid the consequences of his failure" by bringing this action. ECF No. 20, pg. 3. Defendant PCT contends that these claims fail because (1) Plaintiff lacks standing; (2) Defendants' statements "are not actionable fraud under the law; and (3) the statements were not fraudulent. Id. Defendant PCT asserts that because there was no fraud, there can be no civil conspiracy. See id. Accordingly, Defendant PCT requests this action be dismissed with prejudice and without leave to amend. See id. Defendant PCT reiterated these arguments in their reply to Plaintiff's opposition. See ECF No. 26. Attached to the motion to dismiss is correspondence between Plaintiff and counsel for both Defendants from October 20, 2025, to show Defendants' efforts

3

to meet and confer with Plaintiff prior to filing the motion to dismiss. See ECF No. 20-1.

Defendant PCT contends that Plaintiff cannot establish standing because Plaintiff was not insured by Great West and therefore, a third-party claimant, which "may not bring a direct cause of action against an insured's insurance company relating to coverage or policy benefits unless there has been an assignment of rights by, or final judgment against, the insured." Id. at 5 (citing Moradi-Shalal v. Fireman's Fund Ins. Co, 46 Cal.3d 287, 284 (1988); Airborne America Inc. v. Kenway Composites, 554 F. Supp 3d 1066, 1071-1072 (S.D. Cal. Aug. 16, 2021); Reynolds v. Shure, 148 F. Supp. 3d 928, 934-935 (E.D. Cal. 2015); Coleman v. Republic Indemnity Ins. Co., 132 Cal.App.4th 403, 409-415 (2005)). According to Defendant PCT, Plaintiff does not assert that rights were assigned by PCT to Plaintiff nor was there a "finding of liability against PCT in relation to the Colorado Accident." Id. at 6.

Next, Defendant PCT argues that the statements Plaintiff alleges are legal opinions and therefore, "are not actionable as fraud, as they do not constitute representations of fact." Id. (citing Cal. Pharm. Mgmt., LLC v. Zenith Ins. Co., 669 F.Supp.2d 1152, 1161 (C.D. Cal. 2009). Defendant additionally contends that the statements alleged "essentially represent that PCT and Great West are not liable to Plaintiff for the Colorado Accident," which was true, and therefore insufficient to establish a claim of fraud. Id. Defendant PCT contends that because the accident occurred on December 29, 2021, and the statute of limitation for negligence claims in California is two years, by the time the statements were made to Plaintiff (July 31, 2024, and March 14, 2025), claims against Great West and PCT were barred. See id. (citing Cal. Civ. Proc. Code. § 335.1.).

Finally, Defendant PCT asserts that Plaintiff's claims are insufficiently pled because they lack the particularity necessary to establish a fraud claim, specifically: "the time, place, and specific content of the false representations, how and why the alleged misrepresentation is false, and the facts that support the formation and operation of the conspiracy." Id. at 7 (citing Valley Nat'l Bank v. JHB Trucking Inc., 2022 U.S. Dist. LEXIS 151175 (E.D. Cal. Aug. 13, 2022); Immobiliare, LLC v. Westcor Land Title Ins. Co., 424 F.

4

Supp. 3d 882, 890 (E.D. Cal. 2019); Cisco Systems, 77 F.Supp.3d at 894; Vess, 317 F.3d at 1106.). Defendant PCT contends that Plaintiff's complaint fails to assert who gave the allegedly false statement on July 31, 2024, or provide any facts to show PCT's involvement in any such statements. See id. at 8. Further, Defendant PCT asserts that Plaintiff's complaint does not "allege how or why the alleged misrepresentations are false as there are no facts alleged showing that either PCT or Great West were legally responsible for any injury or damage caused by the Colorado Accident." Id.

## C.   Defendant Great West Casualty Company's Motion to Dismiss

Defendant Great West argues that this matter should be dismissed because Plaintiff's complaint does not assert a cognizable claim and the deficiencies could not be cured by amendment. See ECF No. 21, pg. 2. Defendant Great West contends that: (1) "Plaintiff has no right to assert any claim against Great West, which is not his insurer;" (2) by the time Plaintiff presented a third-party claim, the statute of limitations barred such claim; (3) the statements made by Great West on March 14, 2025, were legal opinions which cannot constitute fraud; and (4) because Great West's statements do not constitute fraud, Plaintiff's allegations do not subject Great West to RICO liability. Id. at 2-3. Defendant Great West asserts that because Plaintiff has had the opportunity to amend his complaint multiple times, and further amendment could not resolve the deficiencies of the claims, the matter should be dismissed without leave to amend. See id. at 10 and 27-28. Defendant Great West reiterated these arguments in their reply to Plaintiff's opposition. See ECF No. 25.

First, Defendant Great West contends that Plaintiff lacks standing to bring these claims because Plaintiff does not allege that there is a direct relationship between Plaintiff and Defendant Great West or any judgment against Defendant Great West. See id. at 10 and 14 (citing Shaolian v. Safeco Insurance Company, 71 Cal.App.4th 268, 271 (1999); Reynolds v. Shure, 148 F. Supp. 3d 928, 934-935 (E.D. Cal. 2015); Airborne America Inc. v. Kenway Composites, 554 F. Supp 3d 1066, 1071-1072 (S.D. Cal. 2021); Cal. Ins. Code §11580(b)(2)).

///

5

Defendant asserts that Plaintiff's claims under 18 U.S.C. §§1341, 1343 fail because those statutes do not provide a private cause of action. See id. at 11 and 15-16 (citing Abcarian v.Levine, 972 F.3d 1019, 1026 (2020)). Next, Defendant contends that Plaintiff's fraud claims under California Civil Code §§1709-1710 fail because Great West's statement "is not actionable as fraud" because the letter provided a legal opinion, not a representation of fact. See id. at 17. Defendant Great West filed a request for judicial notice, ECF No. 22, providing the letter referenced in Plaintiff's complaint that was sent by Defendant Great West to Plaintiff on March 14, 2025. According to Defendant Great West, the letter shows the statements made were an opinion about the law and therefore insufficient to be the basis of a fraud claim. See ECF No. 21, pgs. 11 and 17 (citing California Pharmacy Management, LLC v. Zenith Ins. Co., 669 F.Supp.2d 1152, 1161 (C.D. Cal. 2009); Gentry v. Ebay, Inc., 99 Cal.App.4th 816, 835 (2002)). Additionally, Defendant Great West contends that because Plaintiff does not establish that PCT is liable for Plaintiff's injuries, Great West disclaiming coverage was factual and therefore, cannot constitute fraud. See id. at 17 (citing Cal. Ins. Code §11580(b)(2)).

Defendant Great West asserts that Plaintiff's complaint does not show justifiable reliance and therefore, the claim of fraud fails. See id. at 18. According to Defendant Great West, because the statute of limitations had expired on December 29, 2023, any statements made after that date could not show that Plaintiff's reliance on such statements caused Plaintiff any damage with regard to bringing claims. See id. Additionally, Defendant Great West contends that the complaint does not state who Plaintiff spoke to at Beehive nor who at Great West directed the Beehive employee to make false statements to Plaintiff. See id. at 19. Defendant Great West argues that even if such statements were made by Beehive, there is no connection between these statements and Plaintiff's actions because the complaint does not explain how the statements "justifiably gave him reasons to delay medical treatment and 'financial planning,' or to delay bringing suit against PCT." Id.

Defendant Great West argues that the complaint fails to establish any of the elements necessary for a cognizable 18 U.S.C. §1962(c) claim: (1) conduct, defined as operation or management; (2) of an enterprise; (3) through a pattern; (4) of racketeering

6

activity. See id. at 20 (citing Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005); Reves v. Ernst & Young, 507 U.S. 170, 179 (1993)). Defendant Great West asserts that the complaint does not show that Great West "occupied a position in the alleged chain of command of a criminal enterprise" necessary to show that Great West operated or managed any alleged enterprise. Id. (citing Walter v. Drayson, 538 F.3d 1244, 1249 (9th Cir. 2008)). Defendant contends that Plaintiff's allegations that Defendants engaged in (2) an enterprise (3) through a pattern are merely conclusory as the complaint provides no facts as to there being an enterprise nor does the complaint allege any other instances of alleged fraud by Great West aside from the March 14, 2025, letter. See id. at 21-23. Defendant Great West asserts that because the March 14, 2025, letter did not constitute fraud, because it was a legal opinion, there is no allegation of racketeering, or mail fraud. See id. at 23-24.

Next, Defendant Great West argues that Plaintiff fails to allege any agreement to participate in an enterprise or commit acts in furtherance of that enterprise, and therefore the 18 U.S.C. §1962(d) conspiracy claim fails. See id. at 24. Again, Defendant Great West contends that Plaintiff's allegations of any agreement are conclusory and the complaint provides no facts underlying the allegation. See id. Finally, Defendant Great West asserts that Plaintiff's claim for punitive damages should be stricken because the complaint fails to allege any facts showing oppression, fraud, or malice, which is necessary to recover punitive damages in California. See id. at 25-26 (citing Hilliard v. A.H. Robins Co., 148 Cal.App.3d 374, 391 (1983); Cyrus v. Haveson, 65 Cal.App.3d 306, 316-317 (1976)).

### D.      Plaintiff's Opposition

In response to Defendants' motions to dismiss, Plaintiff filed an opposition, ECF No. 24. Generally, Plaintiff argues that the operative complaint provides sufficient specificity to survive a motion to dismiss, the motions to dismiss "improperly asks the Court to weigh evidence, resolve factual disputes, and disregard well-pleaded allegations." Id. at 2. Plaintiff asserts that "Defendants' misrepresentations began in early 2022 . . . [and] falsely asserted that 'each vehicle is responsible for its own damages' and that no liability could be pursued." Id. at

7

3. Plaintiff contends that this prevented him from timely filing a claim and such fraudulent concealment tolled the statute of limitations until March 2025, when Plaintiff discovered the statements were false. See id.

Plaintiff argues that the complaint explains what statements were made, when they were made, how they were transmitted, why they were false, and the corporate relationships between PCT and Great West, and the nature of PCT's participation in shaping and transmitting the misleading evidence." See id. at 3-4. According to Plaintiff, an enterprise that gives rise to his claim, does not have to have a formal structure, and the allegation "that PCT, Great West, and Beehive operated collectively to create and advance a misleading narrative about the accident, conceal liability, and reduce exposure," is sufficient to establish that element. Id. at 6-7. Plaintiff contends that for over three years, there was "a continuous and coordinated association-in-fact in which PCT, Great West, and Beehive jointly pursued the common purpose of suppressing liability exposure . . . PCT supplied the narrative [ ]; Beehive transmitted that information to Great West; and Great West controlled the outward communications to Plaintiff." Id. at 7. Plaintiff asserts that Defendants' fraudulent communications caused Plaintiff to incur costs and miss the opportunity to pursue litigation. See id. at 8. Next, Plaintiff argues that reliance is not required to state a cognizable wire fraud charge, and given Plaintiff does allege that he detrimentally relied on Defendants' statements, Defendant Great West's argument about reliance is inapplicable. See id. at 9.

Plaintiff contends that "the July 21, 2024 and March 14, 2025 statements that 'each party is responsible for its own damages' were false because Colorado comparative negligence law requires factual investigation and allocation of fault, not a categorical denial." Id. at 10. Plaintiff asserts that Defendant PCT can be liable for false statements, even if PCT did not make such statements, pursuant to §1962(d). Id. at 10-11. Next, Plaintiff argues that Defendants' claim that Plaintiff has no standing as a third party, is inapplicable to §1962(c), §1962(d), and fraud, and would only apply if Plaintiff were bringing state-law bad faith claims. See id. Plaintiff asserts that pro se pleadings are liberally construed and dismissal without leave to amend would be improper. See id. at 12. Plaintiff further contends that the additional facts

8

provided in Plaintiff's reply can supplement Plaintiff's complaint, citing Peck v. Hinchey, 2021 WL 4316822, at 4 (D. Ariz. Sept. 23, 2021). Id. at 14.

Finally, Plaintiff "does not contest judicial notice of the existence" of the letter Defendant Great West provided, dated March 14, 2025, sent to Plaintiff, but does challenge "the truth of any assertions within the documents." Id. at 13. Plaintiff concedes the letter was sent to Plaintiff and asserts that the letter "corroborate Plaintiff's allegations," as they show the false statements Defendants transmitted by interstate mail, "for the purpose of inducing Plaintiff to abandon or delay his claim." Id.

## II. DISCUSSION

The undersigned will recommend granting in part and denying in part Defendants' motions to dismiss, as described herein. It will be recommended that Defendants' motions to dismiss be denied as to Plaintiff's standing.

Plaintiff's 18 U.S. C. §1341, §1343 and Cal. Civ. Code §1710 are not actionable as a matter of law and, therefore, the undersigned will recommend granting Defendant Great West's motion to dismiss as to those claims, without leave to amend. As currently pleaded, Plaintiff's Cal. Civ. Code §1709 claim arising from communications starting January 2022 does not meet the pleading standard of Fed. Rule Civ. Pro. 8 and the undersigned will therefore recommend granting Defendant Great West's motion to dismiss as to that claim, with leave to amend. Plaintiff's Cal. Civ. Code §1709 claim arising from Defendant Great West's March 14, 2025, letter is not cognizable and because amendment could not cure the deficiency, for the reasons described below, the undersigned will recommend granting Defendant Great West's motion to dismiss without leave to amend as to that claim.

Given the complaint fails to allege a cognizable claim of fraud, Plaintiff's conspiracy claim is not cognizable and the undersigned will therefore recommend granting Defendants Great West and PCT's motions to dismiss with leave to amend as to Plaintiff's state conspiracy claim. Plaintiff's allegations of alleged July 31, 2024, statements, and all communications aside from the March 14, 2025, letter, lack specificity required and therefore,

Plaintiff fails to establish a pattern to support 18 U.S.C. §1962(c) and §1962(d) claims. Accordingly, the undersigned will recommend granting the motions to dismiss as to 18 U.S.C. §1962(c) and §1962(d) claims, with leave to amend. Finally, in light of the undersigned recommending leave to amend, it is not yet appropriate to consider whether Plaintiff's factual allegations are sufficient to establish punitive damages and the undersigned will therefore recommend denying Defendant Great West's motion to strike punitive damages.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### A.    Standing

Defendants argue that Plaintiff lacks standing to bring claims against Defendant Great West. See ECF Nos. 20, pgs. 5-6, and 21, pgs. 14-15. However, the case law Defendants cite in support of that argument all address standing in the context of recovering from insurance coverage or contract. See Reynolds v. Shure, 148 F. Supp. 3d 928, 934-935 (E.D. Cal. 2015); Airborne America Inc. v. Kenway Composites, 554 F. Supp 3d 1066, 1071-1072 (S.D. Cal. 2021); Coleman v. Republic Indemnity Ins. Co., 132 Cal.App.4th 403, 409-415 (2005); Shaolian v. Safeco Insurance Company, 71 Cal.App.4th 268, 271 (1999). Though this dispute arises from a vehicle accident and the elements of the claims asserted may require a showing of standing to prove underlying liability, Plaintiff has satisfied the required showing to bring the asserted claims of alleged wrongs occurring independently of the insurance contract terms at issue. Thus, the undersigned finds Plaintiff has standing and will recommend denying the motions to dismiss as to Plaintiff's standing to bring claims, without prejudice.

11

**B.**      **18 U.S. C. §1341, §1343, and Cal. Civ. Code §§1709-1710 Claims**

Plaintiff's 18 U.S. C. §1341, §1343 and Cal. Civ. Code §1710 are not actionable as a matter of law and, therefore, the undersigned will recommend granting the motion to dismiss as to those claims, without leave to amend.

As currently pleaded, Plaintiff's Cal. Civ. Code §1709 claim arising from communications starting January 2022 does not meet the pleading standard of Fed. Rule Civ. Pro. 8 and the undersigned will therefore recommend granting the motion to dismiss as to that claim, with leave to amend. Plaintiff's Cal. Civ. Code §1709 claim arising from Defendant Great West's March 14, 2025, letter is not cognizable and because amendment could not cure the deficiency, for the reasons described below, the undersigned will recommend granting the motion to dismiss without leave to amend as to those claims specifically seeking recovery on that claim.

1.      18 U.S. C. §1341 and §1343

Plaintiff asserts a claim pursuant to 18 U.S. C. §1341 and §1343 against Defendant Great West. See ECF No. 17, pgs. 8-14. *Defendant Great West* argues that Plaintiff cannot assert a private claim under those statutes. This Court agrees. 18 U.S. C. §1341 and §1343 are criminal statutes that do not provide a cause of action for individuals. See Ateser v. Bopp, No. 92-36869, No. 92-36964, 1994 U.S. App. LEXIS 18014, at *6 (9th Cir. July 19, 1994) (holding "[c]ourts have consistently found that the mail and wire fraud statutes do not confer private rights of action"). Given there is no cause of action available to Plaintiff under these statutes, amendment could not cure this deficiency. Thus, the undersigned will recommend granting the motion to dismiss without leave to amend as to Plaintiff's 18 U.S. C. §1341 and §1343 claims.

2.      Cal. Civ. Code §§1709-1710

Plaintiff seeks to assert a claim pursuant to Cal. Civ. Code §§1709-1710 against Defendant Great West Casualty. As a preliminary matter, Cal. Civ. Code §1709 provides a cause of action while §1710 defines the term deceit as it applies to that cause of action. See Cal. Civ. Code §1710 ("A deceit, within the meaning of the last section, is either. . ."). Thus, the

12

undersigned will recommend dismissing any claims arising from Cal. Civ. Code §1710 without leave to amend, as that statute does not provide a cause of action.

Plaintiff asserts that communications by "Beehive representatives" between January 2022 and March 2025 to Plaintiff give rise to a Cal. Civ. Code §1709 claim. ECF No. 17, pg. 9. Plaintiff contends that "all statements and omissions by Beehive's representatives are therefore imputed to Great West under principles of agency and respondeat superior." Id. Defendant Great West argues that such allegations must be pleaded with particularity, Great West's statements in the March 14, 2025, letter are not actionable as fraud, and Plaintiff fails to show justifiable reliance to sustain such a claim. See ECF No. 21, pgs. 17-19.

Defendant seeks to impose Rule 9(b) pleading standards on this claim. See id. at 16 (citing Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) and Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). However, the Court does not need to consider Rule 9(b) pleading standards because this Court is persuaded that these claims lack sufficient facts to give notice, as required by Rule 8, to the Defendant as to what the underlying communications are that give rise to this claim.

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Aside from Great West's March 14, 2025, letter, Plaintiff's allegations of "intentional misrepresentations of law and fact designed to mislead [Plaintiff] and obstruct lawful recovery from the at-fault driver," are conclusory as currently pleaded. ECF No. 17, pg. 9. Plaintiff must allege with at least some degree of particularity overt acts by specific individuals which support the claim, and the operative complaint fails to do so. While the Court does not

13

address Plaintiff's claim that statements by Beehive can be imputed to Defendant Great West, the charge that the alleged statements were made by Beehive, and not Great West, further underscores that Defendant Great West would not through these pleadings have sufficient notice of what communications Plaintiff is referring to given the vague assertion of communications "[b]etween January 2022 and March 2025." Earlier in the complaint, Plaintiff states that the communications began in 2023, ECF No. 17, pg. 5, further obscuring what specific communications Plaintiff is referring to and when they occurred. The only communication that Plaintiff provides sufficient specificity for is the March 14, 2025, letter, because Plaintiff identifies the day the correspondence was sent, who sent it, and alleges what was said in the letter. See ECF No. 17, pg. 10. Given this pleading deficiency may be cured by amendment, the undersigned will recommend granting the motion to dismiss as to Plaintiff's Cal. Civ. Code §1709 arising from communications that began January 2022 with leave to amend.

However, the scope of that leave to amend is limited as follows. The undersigned finds that the March 14, 2025, letter cannot give rise to a Cal. Civ. Code §1709 claim. Cal. Civ. Code §1709 provides: "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Plaintiff concedes that the statute of limitations was two years, ECF No. 24, pg. 3, and given that the vehicle accident occurred around December 29, 2021, ECF Nos. 17, pg. 3, any claims would be barred well before March 2025. As such, to the extent Plaintiff grounds the Section 1709 claim in the March 14, 2025, letter, that specific correspondence could not have been intended to induce Plaintiff to alter his position (i.e. whether to file a lawsuit to seek damages for the vehicle accident), because the statute of limitations had already expired. Thus, the March 14, 2025, letter does not give rise to a Cal. Civ. Code §1709 claim, and amendment could not cure that deficiency. Accordingly, the undersigned will recommend granting the motion to dismiss as to Plaintiff's Cal. Civ. Code §1709 claim insofar as that claim arises from the March 14, 2025, letter without leave to amend.

///

14

C.    **State-Law Civil Conspiracy to Commit Fraud and Conceal Liability**

Plaintiff asserts a state-law claim of conspiracy against Defendants arising from their alleged "agreement to commit the unlawful acts of fraud and concealment of material facts concerning liability for Plaintiff's injuries." ECF No. 17, pg. 7. In California, "'a civil conspiracy does not give rise to a cause of action unless an independent civil wrong has been committed,'" therefore, if a complaint fails to specifically allege an underlying tort, a conspiracy claim is not cognizable. Liberty City Movie, Ltd. Liab. Co. v. U.S. Bank, N.A., 824 F. App'x 505, 508 (9th Cir. 2020) (quoting Rusheen v. Cohen, 37 Cal. 4th 1048, 1062, 39 Cal. Rptr. 3d 516, 128 P.3d 713 (2006)). As previously addressed, Plaintiff's underlying claim of fraud is not cognizable as currently pleaded, and therefore, Plaintiff's conspiracy claim similarly is not cognizable. Given leave to amend could remedy this deficiency, the undersigned will recommend granting the motions to dismiss as to Plaintiff's state civil conspiracy claim, with leave to amend.

D.    **18 U.S.C. §1962(c) and §1962(d) Claims**

18 U.S.C. §1962(c) and §1962(d), commonly referred to as the civil RICO statute allows individuals to file suit and recover treble damages against individuals who, through a "pattern of racketeering activity," acquire an interest in, or conduct the business of, an enterprise engaged in interstate or foreign commerce. 18 U.S.C. §§ 1962(b), 1962(c), 1964(d). The RICO statute defines "racketeering activity" as any act indictable under several provisions of Title 18 of the United States Code, including the predicate acts of wire fraud under § 1343, mail fraud under § 1341, and extortion under § 1951. See 18 U.S.C. § 1961(1).

Defendants argue that their statements do not constitute fraud and therefore, these claims are not cognizable. However, this Court finds Plaintiff's allegations are too vague and therefore does not reach the determination of whether the statements that were made can constitute fraud. As currently pleaded, Plaintiff's allegations of predicate acts, aside from the March 14, 2025, letter do not meet Rule 9 pleading standards and therefore, Plaintiff fails to allege a pattern as necessary for actionable 18 U.S.C. §1962(c) and §1962(d) claims. Given amendment could cure such deficiency, the undersigned will recommend granting the motions

to dismiss as to 18 U.S.C. §1962(c) and §1962(d) Claims, with leave to amend.

                1.       Heightened Pleading Standard of Rule 9(b)

To make out a claim for the predicate acts of wire or mail fraud, a plaintiff must allege: (i) a scheme or artifice devised with (ii) the specific intent to defraud and (iii) use of the United States mail or interstate telephone wires in furtherance thereof. See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 782 (9th Cir. 2002). Where a plaintiff alleges racketeering by means of mail and wire fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to those predicate acts. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004); Moore v. Kayport Package Express, 885 F.2d 531, 540 (9th Cir. 1989). The fraud allegations must be "specific enough to give defendants notice of the particular misconduct," thereby enabling them to "defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Therefore, allegations of fraud must be "accompanied by the who, what, when, where, and how of the misconduct charged." Id. The complaint must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp., 940 F.2d at 405; see also Schreiber Distrib. Co. v. Serv-Well Furniture Co. Inc., 806 F.2d 1393, 1401 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

Here, Plaintiff accuses Defendants of generally committing predicate acts of mail fraud and wire fraud. See ECF No. 17, pgs. 8-17. Defendants argue that Plaintiff makes conclusory allegations of fraud which do not satisfy the heightened pleading requirements of Rule 9(b). See ECF Nos. 20, pgs. 7-8 and 21, pgs. 20-25. The undersigned agrees that most of Plaintiff's allegations are conclusory as to any false statements made, aside from the March 14, 2025, letter. As to the March 14, 2025, letter, Plaintiff clearly identified when the letter was sent, who sent it, and makes representations as to the content of the letter. See ECF No. 17, pg. 4. Thus, the undersigned will recommend denying the motion to dismiss as to the March 14, 2025, letter for failure to meet Rule 9(b) standards.

As to the July 31, 2024, statements, Plaintiff states that "[o]n or about July 31, 2024, Beehive communicated these false statements to Plaintiff by telephone and email from Utah to California, repeating that each vehicle would be responsible for its own damages and that Great West would not process the claim as a third-party liability matter." ECF No. 17, pg. 4. Aside from naming the company, Beehive, who is not a named defendant in this action, Plaintiff does not identify who made the statements to Plaintiff and the allegation lacks particularity as it is not clear which statements were made by telephone versus email, and whether the calls and emails were actually on July 31, 2024, or some other date. Thus, Plaintiff's allegations as to the alleged July 31, 2024, statements, do not provide cognizable claims under 18 U.S.C. §1962(c) and §1962(d).

Plaintiff's remaining allegations of fraudulent statements are entirely conclusory. For example, in the complaint, Plaintiff generally asserts that Beehive provided false statements to Plaintiff "between January 2022 and March 2025 . . . made by telephone directly to Plaintiff and were also relayed to Plaintiff's own insurance company . . . " ECF No. 17, pg. 9. Plaintiff's reply provides similarly conclusory allegations, such as: "fraudulent misrepresentations before the statute of limitations expired" and "deceptive statements and concealment practices began in January 2022, immediately following the collision, and continued through 2023." ECF No. 24, pg. 10. However, Plaintiff never alleges when those statements were made, who made them, what those statements were, and how they were communicated to Plaintiff. Given these deficiencies may be remedied with amendment, the undersigned will recommend granting the motions to dismiss as directed to all communications aside from the March 14, 2025, letter, with leave to amend.

### 2.    Pattern of Racketeering Activity

18 U.S.C. § 1962(c) prohibits conducting the affairs of an enterprise engaged in interstate or foreign commerce through a pattern of racketeering activities and 18 U.S.C. § 1962(d) makes it "illegal for any person to conspire to do so." Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008). "A 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of

17

ten years. Id. (citing 18 U.S.C. § 1961(5)).

As previously addressed, the undersigned finds that Plaintiff's allegations as to any communications, aside from the March 14, 2025, letter, are insufficiently pled and therefore, the complaint only alleges a single act. Thus, the undersigned finds that the complaint fails to assert a *pattern* of conduct, as required for 18 U.S.C. §§ 1962(c) and 1964(d) claims. Given amendment could cure this deficiency, the undersigned will recommend granting the motions to dismiss as to Plaintiff's 18 U.S.C. §§ 1962(c) and 1964(d) claims with leave to amend.

### E.   **Punitive Damages**

Defendant Great West seeks to strike Plaintiff's claim for punitive damages because "Plaintiff's SAC is devoid of any factual allegations supporting his conclusions that Great West purportedly acted with malice, oppression and fraud under California Civil Code section 3294(a)." ECF No. 21, pg. 27. However, in light of the undersigned recommending leave to amend, it is not yet appropriate to consider whether Plaintiff's factual allegations are sufficient to establish punitive damages. Thus, the undersigned will recommend denying Defendant Great West's motion to strike punitive damages, ECF No. 21.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1.    It is RECOMMENDED that Defendants motions to dismiss, ECF Nos. 20 and 21, be GRANTED IN PART and DENIED IN PART;

2.    It is RECOMMENDED that Defendants motions to dismiss be DENIED as to Plaintiff's standing and Plaintiff's 18 U.S.C. §1962(c) and §1962(d) claims Rule 9(b) deficiencies with regard to the March 14, 2025, letter;

3.    It is RECOMMENDED that Defendant Great West's motion to strike punitive damages, ECF No. 21, be DENIED;

4.    It is RECOMMENDED that Defendant Great West's motion to dismiss, ECF No. 21, be GRANTED without leave to amend as to Plaintiff's 18

U.S. C. §1341, §1343 and Cal. Civ. Code §1710 claims and Plaintiff's Cal. Civ. Code §1709 claim arising from Defendant Great West's March 14, 2025, letter;

5.     It is RECOMMENDED that Defendant Great West's motion to dismiss, ECF No. 21 be GRANTED with leave to amend as to Plaintiff's Cal. Civ. Code §1709 claim arising from communications starting January 2022;

6.     It is RECOMMENDED that Defendants motions to dismiss, ECF Nos. 20 and 21, be GRANTED with leave to amend as to Plaintiff's state conspiracy claim, and 18 U.S.C. §1962(c) and §1962(d) claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

19