**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BENJAMIN MILLER,

Plaintiff,

v.

GREAT WEST CASUALTY COMPANY, et al.,

Defendants.

No. 2:25-CV-3032-DJC-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court are Defendants' separate motions to dismiss Plaintiff's fourth amended complaint. See ECF Nos. 33, 34, 40, and 41.[1] Plaintiff has filed an opposition. See ECF Nos. 39 and 43. Defendants have filed replies. See ECF Nos. 44 and 45.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

[1] ECF Nos. 40 and 41 are duplicative of ECF Nos. 33 and 34.

395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the Court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a complaint filed in the Siskiyou County Superior Court, which Defendant Great West Casualty Company (Great West) removed to this Court on October 20, 2025, based on diversity jurisdiction. See ECF No. 1. Plaintiff then filed a first amended complaint as of right on October 24, 2025. See ECF No. 9. With leave of Court, Plaintiff filed a second amended complaint on November 4, 2025. See ECF No. 17. Defendants responded with separate motions to dismiss filed on December 10, 2025. See ECF Nos. 20 and 21. The Court heard oral arguments on January 14, 2026, and issued findings and recommendations granting Defendants' motions with leave to amend on January 20, 2026. See ECF Nos. 30 and 31.

Before the findings and recommendations could be addressed by the District Judge, Plaintiff prematurely filed a further amended complaint (styled as a fourth amended complaint) on February 2, 2026. Defendants responded to the fourth amended complaint with the pending motions to dismiss, initially filed on February 17, 2026. See ECF Nos. 33 and 34. On February 20, 2026, the District Judge adopted the January 20, 2026, findings and recommendations in full. See ECF No. 37. The District Judge's order accepted the fourth amended complaint filed on February 2, 2026, as the operative pleading. See id. Defendants then re-filed their motions to dismiss on March 6, 2026. See ECF Nos. 40 and 41.

### B. The District Judge's February 20, 2026, Order

The District Judge adopted the January 20, 2026, findings and recommendations in full. See ECF No. 37. As a result of that order, all claims were dismissed with leave to amend granted as to the following claims: (1) Plaintiff's claim under California Civil Code § 1709 arising from communications starting January 2022; (2) Plaintiff's state law

fraud/conspiracy claim; and (3) Plaintiff's federal civil RICO claim arising under 18 U.S.C. § 1962(c), (d). See ECF No. 37.

**C. Plaintiff's Fourth Amended Complaint**

The operative pleading in this case is the prematurely filed fourth amended complaint, which the District Judge accepted as properly filed. See ECF No. 32. Plaintiff states that he sustained serious injuries in a December 29, 2021, motor vehicle collision. See id. at 2. Defendant Parke Cox Trucking, Inc. (Parke Cox) was a commercial motor carrier involved in the collision. See id. Defendant Great West provided commercial liability insurance coverage to Parke Cox. See id. Plaintiff submitted an insurance claim in July 2024 through Beehive Insurance Services' online claim portal. See id. at 3. Plaintiff states that Beehive's portal did not disclose that Beehive was merely an intake service without coverage authority. See id. Plaintiff's claim was accepted, but Plaintiff was not aware that Great West was the proper insurance carrier and that no claim was actually opened with Great West as a result of submitting the claim through the Beehive portal. See id. On July 16, 2024, Plaintiff submitted additional claim information to Beehive and, on August 5, 2024, Beehive's representative, Terri Hammond, emailed Plaintiff to confirm receipt of additional claim information and inform Plaintiff that a claim had been forwarded to Great West. See id.

Plaintiff asserts the following two legal claims:

| | |
|---|---|
| Count I | Fraudulent concealment, in violation of California Civil Code § 1709. |
| Count II | Civil conspiracy. |

See ECF No. 32, pgs. 4-5.

Plaintiff has abandoned his federal civil RICO claim and now proceeds solely on state law claims. Plaintiff seeks compensatory and punitive damages. See id. at 5-6.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

Defendants argue in their separate motions to dismiss that Plaintiff's allegations continue to be insufficient to proceed on claims of fraudulent concealment (Count I) or civil conspiracy (Count II).

### A. Count I – Fraudulent Concealment in Violation of Cal. Civ. Code § 1709

The elements of a claim of fraudulent concealment under § 1709 are as follows: (1) concealment or misrepresentation of a material fact; (2) a duty to disclose the fact; (3) intent to defraud by concealment; (4) justifiable reliance on the concealed fact; and (5) resulting damage. See Cal. Civil. Code § 1709; see also Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996); Bjoin v. J-M Manufacturing Co., Inc., 113 Cal.App.5th 884, 900 (2025); Rattagan v. Uber Technologies, Inc., 17 Cal.5th 1, 40 (2024).

Defendant Parke Cox's arguments in support of dismissing this claim are persuasive. First, Plaintiff alleges no facts to indicate that any fact was concealed or misrepresented by Parke Cox. Rather, Plaintiff claims facts were misrepresented or omitted by Beehive. Second, Plaintiff does not allege that Parke Cox owed Plaintiff any duty of disclosure. As Defendant Parke Cox notes, the word "duty" does not appear in the operative fourth amended complaint. Third, as Parke Cox also notes, Plaintiff does not allege that Defendant Parke Cox knew of the purported misrepresentation and, as a result, Plaintiff fails to allege facts to show that Parke Cox could have had any intent to deceive. Finally, at the hearing held in this matter, Plaintiff clarified that he is not pursuing a § 1709 as against Parke Cox.

A similar analysis applies to Defendant Great West. First, as Great West observes, Plaintiff has not alleged any misrepresentation by any employee or agent of Great West. Second, to the extent Plaintiff's claim is based on statements made by Beehive, Plaintiff has not identified any such statements, let alone a statement constituting a misrepresentation of material fact. In this regard, it should be noted that the fourth amended complaint is less specific than previous amendments.

/ / /

Given the lack of allegations as to essential elements, Plaintiff's claim under § 1709 fails as against both defendants. Further leave to amend should not be granted.

**B. Count II – Civil Conspiracy**

A claim for civil conspiracy under California State law requires the following elements to be pleaded with specificity: (1) formation and operation of an agreement between the alleged conspirators; (2) an act done in furtherance of the common design; and (3) damages as a result. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). Defendants' arguments as to civil conspiracy are persuasive. First, Plaintiff has not included any allegations concerning the formation of an agreement among Great West, Parke Cox, and/or Beehive. Second, Plaintiff has not alleged any facts to show that either Parke Cox or Great West took any steps in furtherance of a common design to injury Plaintiff. Given the lack of allegations as to these essential elements, Plaintiff's civil conspiracy claim also fails as against both defendants. Further leave to amend should not be granted.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motions to dismiss, ECF Nos. 33, 34, 40, and 41, be granted and that this action be dismissed in its entirety with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE